IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN LEON MASSEY, # 155562, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:16cv892-ECM |
| | ) (WO) |
| ALABAMA BOARD OF PARDONS | ) |
| AND PAROLES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Calvin Leon Massey, an Alabama inmate proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that the Alabama Board of Pardons and Paroles ("Board") acted unconstitutionally and in violation of the applicable statutory provisions in setting his initial parole consideration date.  Doc. 1.  After reviewing the pleadings, evidentiary materials, and relevant law, the court concludes that no evidentiary hearing is required and that Massey's petition should be denied.

I.   BACKGROUND

Massey pleaded guilty in the Montgomery County Circuit Court to two counts of attempted murder, in violation of §§ 13A-4-2 & 13A-6-2, Ala. Code 1975.  On April 5, 2012, that court sentenced Massey to concurrent terms of life in prison with the possibility of parole.

After Massey began serving his sentence, the Board, applying the "85% or 15-year Rule" set out in its operating procedures, scheduled Massey's initial parole consideration

for September 2025, i.e., 15 years into Massey's sentence (taking into account jail credit Massey had received). Article One, § 9, of the Board's Rules, Regulations, and Procedures contains the "85% or 15-year Rule" and provides:

> Excluding those crimes committed prior to March 21, 2001, when an inmate is convicted of one or more of the following Class A felonies, the initial parole consideration date shall be set in conjunction with the inmate's completion of eighty-five (85) percent of his or her total sentence or fifteen (15) years, whichever is less, unless the designee finds mitigating circumstances: Rape I, Kidnapping I, Murder, *Attempted Murder*, Sodomy I, and Sexual Torture; Robbery I with serious physical injury, Burglary I with serious physical injury, and Arson I with serious physical injury. Serious physical injury in this paragraph is as defined in title 13A-1-2(14) of the Alabama Code.

Rules, Regulations, and Procedures of the Board of Pardons and Paroles (2012), Article One, § 9 (emphasis added). The Board used the "85% or 15-year Rule" to determine Massey's initial parole consideration date because Massey was convicted of attempted murder, a crime specifically listed in Article One, § 9.

Effective January 30, 2016, Alabama's "Justice Reinvestment Act," Act No. 2015-85, amended portions of the State's parole statute, § 15-22-28-1 et seq., Ala. Code 1975. Among the changes effected by the Act was an amendment to language in § 15-22-28(e), Ala. Code 1975. Where that section previously provided that "[t]he board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board," § 15-22-28(e) as amended provides:

> For violent offenses as defined in Section 12-25-32, the board shall not grant a parole to any prisoner who has not served at least one third or 10 years of his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board.

2

§ 15-22-28(e), Ala. Code 1975 (2016). Although post-amendment § 15-22-28(e) applies expressly to violent offenses, while pre-amendment § 15-22-28(e) was not limited to violent offenses, it is undisputed that Massey's convictions for attempted murders constitute violent offenses as defined in § 12-25-32, Ala. Code 1975.[1]

In February 2016, shortly after the Justice Reinvestment Act went into effect, Massey filed a petition for writ of certiorari in the Circuit Court of Montgomery County,[2] arguing that (1) the Act effectively repealed the Board's "85% or 15-year Rule"; (2) § 15-22-28(e) as amended supplants the "85% or 15-year Rule" as the standard for determining when an inmate is entitled to an initial parole consideration, which in his case should be set at one third or 10 years of his sentence, whichever is less; (3) the Board contravened the provisions of § 15-22-28(e) and arbitrarily and capriciously used the "85% or 15-year Rule" to determine his initial parole consideration date; and (4) the Board's use of the "85% or 15-year Rule" in his case violated his right to equal protections under the laws. Doc. 13-1 at 4–16.

The Board moved to dismiss Massey's petition for certiorari, arguing that Massey's claims were without merit. Doc. 13-1 at 24–32. On March 10, 2016, the state circuit court entered an order summarily dismissing Massey's petition for certiorari. Doc. 13-1 at 54.

---

[1] Murder is defined as a violent offense under § 12-25-32(15)(a)(2), Ala. Code 1975, and under § 12-25-32(15)(c), any attempt to commit a violent offense is considered a violent offense for purposes of the statute.

[2] Under Alabama law, the way to challenge a decision of the Board is by a common law petition for writ of certiorari in the Circuit Court of Montgomery County. *See Sellers v. State*, 586 So.2d 994 (Ala. Crim. App. 1991).

3

Massey appealed, and on July 1, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the lower court's judgment. Doc. 13-5. Massey applied for rehearing, which was overruled on July 29, 2016. Docs. 13-6 & 13-7. Massey then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on September 16, 2016. *See* Docs. 13-10 & 13-11.

Massey initiated the instant habeas action on October 21, 2016. In his § 2254 petition, Massey essentially reasserts the claims he presented in the state courts, arguing that § 15-22-28(e) as amended supplants the "85% or 15-year Rule" as the standard for determining when an inmate is entitled to an initial parole consideration and that the Board's use of the "85% or 15-year Rule" to determine his initial parole consideration date contravened the provisions of § 15-22-28(e) and violated his right to equal protection. Docs. 1 & 1-1.

## II.   DISCUSSION

### A.   AEDPA Standard of Review

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the

4

evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015) (citation omitted) (alteration in original). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 1. *"85% or 15-year Rule" to Determine Initial Parole Consideration Date*

Addressing Massey's argument that § 15-22-28(e) as amended supplants the "85% or 15-year Rule" as the standard for determining when an inmate is entitled to an initial parole consideration and that the Board's use of the "85% or 15-year Rule" to determine his initial parole consideration date contravened the provisions of § 15-22-28(e), the Alabama Court of Criminal Appeals held:

> It is well settled that the Board has "total discretion" in deciding whether to grant parole. *See Thompson v. Alabama Board of Pardons and Paroles,* 806 So. 2d 374, 375 (Ala. 2001). Section 15-22-24(a), Ala. Code 1975, provides, in pertinent part:
>
>> "The Board of Pardons and Paroles, hereinafter referred to as 'the board,' shall be charged with the duty of determining what prisoners serving sentences in the jails and prisons of the

5

> State of Alabama may be released on parole and when and under what conditions."

Further,

> "The board shall not grant parole to any prisoner who has not served at least one third or 10 years on his sentence, whichever is the lesser, except by a unanimous affirmative vote of the board."

§ 15-22-28(e), Ala. Code 1975. Finally, § 15-22-24(e), Ala. Code 1975, provides:

> "The board may adopt policy and procedural guidelines for establishing parole consideration eligibility dockets based on its evaluation of a prisoner's prior record, nature and severity of the present offense, potential for future violence, and community attitude toward the offender."

> Contrary to Massey's contention, § 15-22-28(e), Ala. Code 1975, is not a directive to the Board to consider parole for prisoners who have served 1/3 or 10 years of their sentences. Rather, § 15-22-28(e), Ala. Code 1975, is a restriction on the Board's authority to consider a prisoner for parole before he has served 1/3 or 10 years of his sentence. Section 15-22-28(e), Ala. Code 1975, sets the minimum time a prisoner must serve before that prisoner may be considered for parole; the statute does not require the Board to consider the prisoner after the prisoner serves that minimum time or prohibit the Board from exercising its authority to impose more stringent requirements for parole consideration, such as the 85% or 15-year rule applicable to Massey. Therefore, Massey is not entitled to relief on this claim.

Doc. 13-5 at 3–4.[3]

As the Alabama Court of Criminal Appeals recognized in its memorandum opinion, Alabama law vests complete discretion in the Board "of determining what prisoners may be released on parole and when and under what conditions" parole will be granted. *Vinson*

---

[3] Although the Alabama Court of Criminal Appeals' opinion quotes the pre-Justice Reinvestment Act versions of § 15-22-28(e) and § 15-22-24(a) & (e), none of the changes to those sections effected by the 2016 amendment limit the discretion of the Board in deciding whether to grant parole.

6

*v. Dillard*, 2016 WL 2865254, at *8 (M.D. Ala.), report and recommendation adopted, 2016 WL 2742863 (M.D. Ala.), judgment entered, 2016 WL 2753370 (M.D. Ala. 2016). The law further gives the Board total discretion in determining whether an inmate should be granted parole. *Id.* The Alabama parole statutes governing standards for parole of inmates are typical parole statutes that vest absolute discretion in the Board of Pardons and Paroles. *Id.,* citing *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987), and *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1983). The Alabama parole scheme has been reviewed by the Eleventh Circuit Court of Appeals on numerous occasions with that court acknowledging the constitutionality of the discretion accorded the Board and continuously stressing "that absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts." *Thomas*, 691 F.2d at 489.

The Alabama Court of Criminal Appeals was correct in its ruling that § 15-22-28(e) contains no language mandating the time for an initial parole consideration. Contrary to the argument underlying Massey's claim, § 15-22-28(e), both before and after its amendment in 2016, does not require the Board to consider releasing an inmate on parole at a particular time and does not set forth a mandatory time by which an Alabama inmate must receive his initial parole consideration. Further, and more to the point, the statute does not, as Massey argues, entitle an inmate to an initial parole consideration once he has served the lesser of one-third of his sentence or 10 years. The plain meaning of § 15-22-28(e) is that no Alabama inmate convicted of a violent offense who has not served at least 10 years or one-third of his sentence shall be eligible for a grant of parole, unless the Parole

7

Board unanimously votes that parole should be granted. "The 85% or 15-year Rule does not contradict the language of § 15-22-28(e), and, indeed, the rule and the statute may operate together without conflict." *Ricks v. Wynne*, 2012 WL 6062065, at *3 (M.D. Ala.), report and recommendation adopted, 2012 WL 6088828 (M.D. Ala. 2012); *see also Williford v. Alabama*, 2011 WL 1085985, at *4–5 (M.D. Ala.), report and recommendation adopted, 2011 WL 4435309 (M.D. Ala. 2011). Massey is therefore incorrect in maintain that § 15-22-28(e) as amended supplants the "85% or 15-year Rule" as the standard for determining when an inmate is entitled to an initial parole consideration.

The state court decision was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Massey is not entitled to federal habeas relief on this claim.

### 2. *Equal Protection Claim*

Addressing Massey's claim that the Board's use of the "85% or 15-year Rule" in his case violated his right to equal protection under the laws, the Alabama Court of Criminal Appeals held:

> Massey is not entitled to relief on his claim that the Board's refusal to reset his initial parole consideration date violates the Equal Protection Clause.
>
>> "'The basic tenet of the equal protection clause is not that all persons must be treated equally, but rather that all persons similarly situated must be treated equally.' *Smith v. State,* 518 So.2d 174, 176 (Ala. Crim. App. 1987). "'[S]eparate treatment of defendants does not violate any constitutional guarantee of equal protection so long as that treatment is reasonable and founded on a rational basis.'" *Carroll v. State*, 599 So. 2d 1243, 1244 (Ala. Crim. App. 1992), quoting *Wheatt v. State*, 410 So. 2d 479, 484 (Ala. Crim. App. 1982). "'[A] defendant who alleges an equal protection

8

> violation has the burden of proving "the existence of purposeful discrimination.""" *Facion v. State*, 627 So. 2d 1144, 1145 (Ala. Crim. App. 1993), quoting *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed. 2d 262 (1987)."
>
> *Robinson v. State*, 865 So. 2d 457, 472 (Ala. Crim. App. 2003). "To assert a viable equal-protection claim, a plaintiff must first make a threshold showing that he or she was treated differently than others similarly situated." *Ex parte Upshaw,* 141 So. 3d 70, 75 (Ala. 2013).
>
> Massey has failed to allege or prove the existence of purposeful discrimination or that he has been treated differently than other similarly situated inmates. The record indicates that Massey made conclusory allegations that the Board violated his equal protection rights. Those allegations are insufficient to state a claim for which relief can be granted. *See Robinson, supra*.

Doc. 13-5 at 4–5.

To establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001). To succeed on an equal protection challenge, the claimant must demonstrate the existence of discriminatory intent. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Massey offered no evidence identifying any other similarly situated inmate who received more favorable treatment from the Board, *Brunskill v. Boyd*, 141 F. App'x 771, 776 (11th Cir. 2005), or that the Board subjected him to adverse treatment based on some constitutionally impermissible reason. Massey merely makes a broad conclusory claim that the Board violated his equal protection rights by using the "85% or 15-year Rule" to determine his initial parole consideration date. Because Massey sets forth no facts to support his allegation of an equal protection violation, he is entitled to no relief based on this claim. The state court decision finding that Massey did not support his equal protection was not contrary to or an unreasonable application of federal law as determined by the Supreme Court, and it did not involve an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 13, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 30th day of January, 2019.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE